# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSE CURIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 5880 |
| | ) |
| TACT TEAM COMMANDER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Stateville Correctional Center, violated the plaintiff's constitutional rights by subjecting him to cruel and unusual punishment. More specifically, the plaintiff alleges that during a prison-wide "shakedown," he was forced to stand handcuffed in a prison recreation yard in ninety-degree heat for approximately ten hours in pain and without being given food, water, or the opportunity to use the facilities. This matter is before the court for ruling on the defendants' motion to dismiss the complaint [1] for failure to state a claim. For the reasons stated in this order, the motion is denied.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Fact pleading is not necessary to

---

[1] Although granted the opportunity to file an amended complaint, *see* Minute Order of March 13, 2007, the plaintiff never did so.

state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Id.* at 971.

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Norfleet v. Vale*, No. 05 C 0926, 2005 WL 3299375, at *1 (N.D. Ill. Dec. 5, 2005) (Zagel, J.). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

## FACTS

The plaintiff alleges the following facts, which must be accepted as true for purposes of this motion: On September 1, 2005, at 6 a.m., correctional officials cut off the water supply to the plaintiff's unit at the Stateville Correctional Center. Between 9 a.m. and 10 a.m., a prison tactical team began strip-searching all inmates in their cells. After being searched, the plaintiff and each inmate was handcuffed with his hands behind his back and escorted to the inmate dining room for about an hour. Approximately an hour later, the plaintiff was herded along with his fellow prisoners to the gymnasium, where they were drug tested. They were then taken outside to the segregation yard while correctional officers conducted a search of their cells. The plaintiff and some 59 other

inmates were handcuffed in 90-degree heat for about ten-hours, unable to eat, drink water, or use the facilities. The plaintiff received nothing to eat until about 6 p.m. that evening.

## DISCUSSION

Accepting the plaintiff's factual allegations as true, the court finds that the plaintiff has articulated a colorable Eighth Amendment cause of action (applicable to state officials through the Fourteenth Amendment). Assuming that correctional officers callously allowed the plaintiff to roast in the sun for many hours without relief, he may be entitled to relief under 42 U.S.C. § 1983.

### I. Official Capacity Claims

The defendants correctly point out that the plaintiff cannot obtain damages from them insofar as they are sued in their official capacities. The State, state agencies, and state officials acting in their official capacities are not "persons" who may be sued for damages under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 45, 71 (1989); *Omosegbon v. Wells*, 335 F.3d 668, 672-73 (7th Cir. 2003). However, the plaintiff may pursue a claim for injunctive relief against the defendants in their official capacities. "A private party can sue a state officer in his or her official capacity to enjoin prospective action that would violate federal law." *Brown v. Budz*, 398 F.3d 904, 917-918 (7th Cir. 2005), *citing Dean Foods Co. v. Brancel*, 187 F.3d 609, 613 (7th Cir. 1999); *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). In the event that the plaintiff ultimately establishes that the mass search in question violated his constitutional rights, he may be entitled to injunctive relief barring future such shakedowns at Stateville, where he remains incarcerated. The plaintiff may also seek monetary damages against the defendants to the extent that they are sued in their individual capacities. *Alden v. Maine*, 527 U.S. 706, 757 (1999).

## II. Conditions of Confinement Standards

The defendants additionally argue that the complaint fails to state a claim upon which relief may be granted. The court disagrees. "The Eighth Amendment prohibits punishments which involve the unnecessary and wanton infliction of pain, are grossly disproportionate to the severity of the crime for which an inmate was imprisoned, or are totally without penological justification." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004), *quoting Meriwether v. Faulkner*, 821 F.2d 408, 415 (7th Cir. 1987) (*citing Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Caldwell v. Miller*, 790 F.2d 589, 600 (7th Cir. 1986)). In evaluating Eighth Amendment claims, courts conduct both an objective and a subjective inquiry. The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Whitman*, 368 F.3d at 934, *quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations omitted). If the conditions complained of pass this threshold, courts then must determine the prison official's subjective state of mind; that is, whether "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Whitman*, 368 F.3d at 934, *citing Farmer*, 511 U.S. at 847; *see also Johnson v. Phelan*, 69 F.3d 144, 149 (7th Cir. 1995).

### A. Objectively Serious Condition

In this case, the plaintiff has alleged a colorable–if borderline–cause of action. Generally, the standard for determining whether prison conditions satisfy the objective component of the Eighth Amendment focuses on whether the conditions are contrary to "the evolving standards of decency that mark the progress of a maturing society." *Farmer*, 511 U.S. at 833-34; *see also Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). To meet this standard, the deprivation must be

"extreme;" mere discomfort is not sufficient. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Not all restrictive or even harsh prison conditions are actionable under the Eighth Amendment. *Rhodes*, 452 U.S. at 347. Deprivations must be "unquestioned and serious" and contrary to "the minimal civilized measure of life's necessities." *Id.*

The court does not read the complaint to challenge the prison shakedown itself as unjustified. However, being handcuffed for hours under the sun in 90-degree heat, and without food, water, or facilities could have risen to the level of an Eighth Amendment violation. Inmates have a right to be free from extreme hot and cold temperatures. *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1087 (7th Cir. 1986); *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) (prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold). Being subjected to a hot sun with no relief in the form of shade, water or facilities could implicate the Constitution under the facts alleged.

The absence of any serious injury does not necessarily defeat the plaintiff's claims. "Many things–beating with a rubber truncheon, water torture, electric shock, incessant noise, reruns of '*Space 1999*'–may cause agony as they occur yet leave no enduring injury. The state is not free to inflict such pains without cause just so long as it is careful to leave no marks." *Powers v. Snyder*, ___ F.3d ___, 2007 WL 1284944, *2 (slip op. 7th Cir. May 3, 2007), *quoting Williams v. Boles*, 841 F.2d 181, 183 (7th Cir. 1988).

The court notes that, according to the plaintiff, inmates are given five hours of recreational activities on the same yard once a week, the only difference being that they were handcuffed on the date in question. But presumably, non-handcuffed inmates could seek shelter of some kind from the sun. Especially because the plaintiff contends that two or three inmates collapsed on account of the

5

heat and that one prisoner may have even died, it is not the case that he could prove "no set of facts" entitling him to relief. The plaintiff has depicted an objectively serious situation.

As the plaintiff concedes in his opposing brief, his own time line illustrates that he spent, at most, some six hours handcuffed in the recreation yard, and not the ten hours he alleged in his complaint. But while the plaintiff's apparent exaggeration might tend to cast some doubt on the legitimacy of his remaining claims, the court does not make credibility determinations in connection with a motion to dismiss. *See, e.g., Ruffin v. Kane County Sheriff Dept.*, No. 01 C 4898, 2006 WL 2088186, at *11, n.6 (N.D. Ill. Jul. 21, 2006) (Filip, J.). Nevertheless, the plaintiff is cautioned that in signing court filings, he is representing that the statements he makes are true to the best of his knowledge. *See* Fed. R. Civ. P. 11. Before submitting any motions or pleadings to the court, the plaintiff should accordingly review the documents carefully to make sure that they are complete and accurate. Misrepresentations to the court could lead to the imposition of sanctions, including dismissal.

### B. Subjective Intent

Regarding the subjective component of the court's inquiry, that element relates to a defendant's state of mind and requires a showing of deliberate indifference. *Turner v. Miller*, 301 F.3d 599, 603 (7th Cir. 2002). At a minimum, an inmate must allege actual knowledge of impending harm easily preventable. A culpable state of mind can be inferred from the fact that the risk of harm is obvious. *Hope v. Pelzer*, 536 U.S. 730, 730-731 (2002). Here, given the conditions described by the plaintiff, the Eighth Amendment violation would have been obvious to the defendants on the basis of the facts alleged. *Contrast Tesch v. County of Green Lake*, 157 F.3d 465, 475-76 (7th Cir. 1998) (no Fourteenth Amendment liability where prisoner's problems were too minor to have been

obvious to his jailers and the prisoner did not bring the matter to their attention). The plaintiff has established a *prima facie* case. Whether he can ultimately prove his claims is, of course, another question.

### III. Qualified Immunity

Finally, the defendants' motion to dismiss on grounds of qualified immunity is likewise denied. "[A] complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Alvarado v. Litscher*, 267 F.3d 648, 651-52 (2001), citing *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n. 3 (7th Cir. 2000). "Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground for dismissal...." *Id.* The defendants may wish to renew their affirmative defense of qualified immunity in a properly supported motion for summary judgment.

### CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the complaint is denied. The court is satisfied that the complaint sets forth a cognizable cause of action under 42 U.S.C. § 1983. The defendants are directed to answer or plead within twenty-one days of the date of this order. This case is set for a status conference on Wednesday, July 13, 2007, at 10:00 a.m.

Enter: _____
JAMES B. ZAGEL
United States District Judge

Date: May 21, 2007

7